Todd M. Friedman (SBN 216752)
Adrian R. Bacon (SBN 280332)
**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
21550 Oxnard St., #780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
abacon@toddflaw.com

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GORDON SIU, on behalf of himself and all others similarly situated, | Case No. **'18CV0022 BEN BLM** |
| Plaintiff, | **CLASS ACTION** |
| vs. | **COMPLAINT FOR VIOLATIONS OF:** |
| CHOICE HOTELS INTERNATIONAL, INC.; BLUEGREEN VACATIONS UNLIMITED, INC. DBA BLUEGREEN GETAWAYS; and DOES 1 through 10, inclusive, and each of them, | **(1) California Penal Code § 632**<br>**(2) California Penal Code § 632.7**<br><br>**DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff GORDON SIU, on behalf of himself and all others similarly situated, alleges the following upon information and belief and personal knowledge:

## NATURE OF THE CASE

1. This is a class action brought on behalf of all individuals in California whose telephone conversations with defendants CHOICE HOTELS INTERNATIONAL, INC. and BLUEGREEN VACATIONS UNLIMITED, INC. DBA BLUEGREEN GETAWAYS ("Defendants") were recorded by one or more of Defendants without the individual's knowledge or consent.

2. Plaintiff brings this class action for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Defendants and their

**CLASS ACTION COMPLAINT**
-1-

1  related entities, subsidiaries and agents in willfully employing and/or causing to be employed
2  certain eavesdropping, recording and listening equipment in order to record, monitor or listen to
3  the telephone conversations of Plaintiff without the knowledge or consent of Plaintiff, in
4  violation of California Penal Code §§ 630 *et seq.*, thereby invading Plaintiff's privacy.

5  3. California Penal Code § 632 prohibits intentionally monitoring or recording a
6  confidential telephone conversation without the consent of all parties to the call. Plaintiff alleges
7  that Defendants violated and continue to violate Penal Code § 632 by secretly recording and/or
8  monitoring confidential telephone conversations with California residents.

9  4. California Penal Code § 632.7 prohibits intentionally monitoring or recording a
10 cellular or cordless telephone conversation without the consent of all parties to the call. Plaintiff
11 alleges that Defendants violated and continue to violate Penal Code § 632.7 by secretly recording
12 and/or monitoring their telephone conversations with California residents using cellular and/or
13 cordless telephones.

**JURISDICTION AND VENUE**

15 5. This court has subject matter jurisdiction over this class action under 28 U.S.C. §
16 1332(d)(2) because both its minimal-diversity requirement and its amount-in-controversy
17 requirement are satisfied. First, with respect to minimal diversity, Plaintiff is a citizen of the
18 State of California whereas Defendant CHOICE HOTELS INTERNATIONAL, INC. is a citizen
19 of the State of Delaware (where it is incorporated) and the State of Maryland (where it has its
20 principal place of business) and Defendant BLUEGREEN VACATIONS UNLIMITED, INC.
21 DBA BLUEGREEN GETAWAYS is a citizen of the State of Florida (where it is incorporated
22 and has its principal place of business). Second, with respect to the amount in controversy,
23 Plaintiff seeks $5,000 in statutory damages for each violation of the California Penal Code, as
24 provided under Penal Code § 637.2. Thus, the alleged damages of the proposed class, which
25 numbers in the thousands, exceed $5,000,000.

26 6. Venue is proper in the United States District Court for the Southern District of
27 California pursuant to 28 U.S.C. § 1391(b) because the telephone conversation at issue occurred
28 in this District. Additionally, the Defendants reside in this District, in the County of San Diego.

For instance, Defendant CHOICE HOTELS INTERNATIONAL, INC. books reservations for hotels operating and flying its flags in the County of San Diego, while Defendant BLUEGREEN VACATIONS UNLIMITED, INC. DBA BLUEGREEN GETAWAYS calls consumers in the County of San Diego and sells them vacation packages.

**PARTIES**

7. Plaintiff is a natural person residing in the County of San Diego, State of California.

8. Defendant CHOICE HOTELS INTERNATIONAL, INC. ("CHOICE HOTELS") bills itself as "one of the largest and most successful lodging companies in the world." In fact, it operates largely as a data broker, marketer and a trademark licensor. The properties that bear its brands are operated by franchisees. CHOICE HOTELS provides a reservation system to book those hotels and a customer loyalty program. Using this infrastructure, CHOICE HOTELS acts as a middleman between customers wanting a room and hotels offering a room.

9. Defendant BLUEGREEN VACATIONS UNLIMITED, INC. DBA BLUEGREEN GETAWAYS ("BLUEGREEN GETAWAYS") sells timeshares and vacation packages to customers over the telephone. It is the "Official Vacation Ownership Provider" of CHOICE HOTELS.

10. The true names and capacities of the defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such defendants by fictitious names. Each of the defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE defendants when he learns them.

11. Plaintiff is informed and believes that at all relevant times, each and every defendant was acting as an agent and/or employee of each of the other defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other

defendants.

## FACTUAL ALLEGATIONS

12. On or about October 10, 2017, Plaintiff stayed at a CHOICE HOTELS property in this District.

13. The next month, Defendants telemarketed to Plaintiff. Specifically, on or about November 28, 2017, Defendants contacted Plaintiff by telephone to pitch Plaintiff on the CHOICE HOTELS customer loyalty program and a vacation package at a CHOICE HOTELS property. Only after speaking with Plaintiff at length, and asking for Plaintiff's email address, marital status and income level and whether Plaintiff was over the age of 25, did the caller inform Plaintiff for the first time that the call was being recorded.

14. During this conversation with Plaintiff, Defendants requested personal and private financial information that Plaintiff does not openly discuss.

15. Plaintiff was shocked to discover that such a confidential communication was being secretly recorded by Defendants.

16. At no time during the November 28, 2017 call did Plaintiff give consent for the telephone call to be monitored, recorded and/or eavesdropped upon.

17. Plaintiff later called CHOICE HOTELS's customer service phone number and asked about the offer he had received on the November 28, 2017 call. CHOICE HOTELS's representative confirmed that BLUEGREEN GETAWAYS is authorized to sell vacation packages at CHOICE HOTELS properties and transferred Plaintiff's call to BLUEGREEN GETAWAYS.

18. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendants had a policy and a practice of secretly recording and/or monitoring telephone conversations with consumers. Defendants' employees and agents are directed, trained and instructed to, and do, monitor, record and/or eavesdrop upon telephone conversations with members of the public, including Plaintiff and other California residents.

19. Plaintiff is informed and believes, and thereon alleges, that Defendants have installed and/or caused to be installed certain eavesdropping and listening equipment on their

employees' or agents' telephone lines. Defendants use these devices to overhear, record, and listen to the telephone conversations on said telephone lines.

20. Plaintiff is informed and believes, and thereon alleges, that during the relevant time period, Defendants have had all of their calls with members of the public, including those with California residents, recorded, monitored and/or eavesdropped upon without the knowledge or consent of the recorded party, including Plaintiff and other California residents.

## CLASS ALLEGATIONS

21. Plaintiff brings this action on behalf of himself and all others similarly situated ("The Class").

22. Plaintiff represents and belongs to The Class, defined as follows: "All persons in California whose telephone conversations were monitored, recorded and/or eavesdropped upon without their consent by Defendants within one year before the filing of the original Complaint in this action."

23. Plaintiff represents and belongs to "The Cellular Subclass," defined as follows: "All persons in California whose cellular telephone conversations were monitored, recorded and/or eavesdropped upon without their consent by Defendants within one year before the filing of the original Complaint in this action."

24. Defendants, their employees and their agents are excluded from The Class and The Cellular Subclass. Plaintiff does not know the number of members in The Class, but believes this number to be in the tens of thousands, if not more, because Defendant CHOICE HOTELS states that it "is one of the largest and most successful lodging companies in the world. Choice currently franchises more than 6,500 hotels, representing more than 500,000 rooms" and because Defendants called him without his having asked them to do so.

25. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of The Class and The Cellular Subclass and does not seek recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand The Class definition to seek recovery on behalf of additional persons as warranted by facts learned from further investigation and discovery.

26. The joinder of The Class members is impractical and the disposition of their claims in this class action will provide substantial benefits to both the parties and the Court. The Class and The Cellular Subclass can be identified through Defendants' records and databases of cell phone numbers.

27. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact common to The Class include:

   a. Whether Defendants have a policy or practice of recording outbound telemarketing;
   b. Whether Defendants' call scripts warn at the outset of the call that the call may be recorded;
   c. Defendants' policy and practice (or lack thereof) for obtaining California residents' consent to being recorded;
   d. Whether one's income level is "confidential" within the meaning of California Penal Code §§ 630 *et seq.*;
   e. Whether Defendants' monitoring, recording and/or eavesdropping violates California Penal Code §§ 632(a) and/or 632.7;
   f. What the nature of the relationship between CHOICE HOTELS and BLUEGREEN GETAWAYS is;
   g. Whether Defendants should be enjoined from engaging in such conduct in the future.

28. Plaintiff is asserting claims that are typical of The Class because the other members of The Class were subjected to similar conduct and are, like Plaintiff, entitled to statutory damages of $5,000 per violation pursuant to Penal Code § 637.2(a).

29. Plaintiff will fairly and adequately represent and protect the interests of The Class in that Plaintiff has no interest adverse to The Class. Plaintiff has retained counsel experienced in handling class action claims, including invasion-of-privacy claims.

30. Plaintiff and the members of The Class have all suffered irreparable harm as a result of Defendants' unlawful and wrongful conduct. Absent a class action, The Class will

continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to continue unabated. Because of the size of an individual Class member's claims, few, if any, Class members could afford to seek legal redress individually for the wrongs complained of herein.

31. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with California law. The interest of The Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims. For instance, the statute provides bright-line liability for The Cellular Subclass, and the statutory damages are formulaic and easy to calculate.

32. Defendants have acted on grounds generally applicable to The Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to The Class as a whole.

## FIRST CAUSE OF ACTION

## VIOLATION OF PENAL CODE § 632

33. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

34. California Penal Code § 632 prohibits intentionally monitoring or recording a confidential telephone conversation without the consent of all parties to the call. The statute prohibits unconsented-to monitoring or recording of conversations even if the Plaintiff expects that the content of the conversation may later be conveyed to a third party. *Flanagan v. Flanagan*, 41 P.3d 575, 580 – 81 (Cal. 2002). Consent can only be given prospectively, not retrospectively. The only intent required by Penal Code § 632 is that the act of recording itself be intentional.

35. Plaintiff is informed and believes, and thereupon alleges, that Defendants employed and/or caused to be employed certain eavesdropping, recording and listening

1  equipment on the telephone lines of all employees, officers, directors and managers of
2  Defendants.

3      36.    Plaintiff is informed and believes, and thereupon alleges, that all these devices
4  were maintained and utilized to overhear, record, and listen to each and every incoming and
5  outgoing telephone conversation over said telephone lines.

6      37.    This listening, recording and/or eavesdropping equipment was used to record,
7  monitor or listen to the telephone conversations of Plaintiff and the members of The Class, all in
8  violation of California Penal Code § 632.

9      38.    During these secretly recorded calls, Defendants asked Plaintiff and, on
10 information and belief, the other members of The Class for personal and private information,
11 including their marital status and income level and whether they were over the age of 25.

12     39.    Defendants did not inform Plaintiff or the other members of The Class at the outset
13 of conversations that Defendants were recording the calls.  Plaintiff and the other members of
14 The Class had not consented to such recording.

15     40.    Defendants intruded on Plaintiff's and Class members' privacy by intentionally
16 engaging in the aforementioned intercepting, eavesdropping, listening and recording activities.

## SECOND CAUSE OF ACTION

## VIOLATION OF PENAL CODE § 632.7

19     41.    Plaintiff incorporates by reference all of the above paragraphs of this Complaint
20 as though fully stated herein.

21     42.    California Penal Code § 632.7 prohibits intentionally monitoring or recording a
22 cellular or cordless telephone conversation without the consent of all parties to the call.

23     43.    Plaintiff is informed and believes, and thereupon alleges, that many if not most of
24 the calls secretly recorded by Defendants were, like the one to which he was a party, calls during
25 which the consumer was using a cordless or cellular telephone.

## PRAYER FOR RELIEF

27     44.    Wherefore, Plaintiff respectfully requests the Court grant Plaintiff and The Class
28 members the following relief against Defendants:

   A. That this action be certified as a class action on behalf of The Class and The Cellular Subclass and Plaintiff be appointed as the representative of The Class and The Cellular Subclass;

   B. Statutory damages of $5,000 per violation of Penal Code § 632 or Penal Code § 632.7 pursuant to Penal Code § 637.2(a) for Plaintiff and each member of The Class;

   C. That the Court preliminarily and permanently enjoin Defendants from monitoring, recording and eavesdropping upon all telephone conversations with California residents, including Plaintiff and The Class members, without their prior consent, as required by California Penal Code § 630 *et seq.*;

   D. General damages according to proof;

   E. Special damages according to proof;

   F. Exemplary or punitive damages;

   G. Costs of suit;

   H. Prejudgment interest at the legal rate; and

   I. Such further relief as this Court deems necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of each and every claim so triable.


              Respectfully submitted,

Dated:  January 4, 2018   **LAW OFFICES OF TODD M. FRIEDMAN, P.C.**


              s/Todd M. Friedman
              Todd M. Friedman
              Attorney for Plaintiff